NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOMICA S. COOPER, | Civil Action No. 14-5150 (NLH) |
| Petitioner, | |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**APPEARANCES:**

TOMICA S. COOPER
66 Marboro Lane
Willingboro, NJ 08046
Petitioner *Pro Se*

ROBERT STEPHEN STIGALL, Assistant U.S. Attorney
PAUL J. FISHMAN, United States Attorney
P.O. Box 2098
Camden, NJ 08101
Attorneys for United States of America

**HILLMAN, District Judge**:

Tomica S. Cooper filed an Amended Motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct a 30-month sentence entered in this Court on December 19, 2013, in *United States v. Cooper,* Crim. No. 11-0111 (NLH) judgment (D.N.J. Dec. 18, 2013), after she pled guilty pursuant to a plea agreement to one count of bankruptcy fraud.  The United States filed an Answer and Ms. Cooper filed a reply.  For the reasons expressed

1

below, the Court will deny Cooper's § 2255 motion and decline to
issue a certificate of appealability.

## I.   BACKGROUND

On February 23, 2011, the United States filed an indictment
charging Cooper with fraudulent use of a social security number
(count one), education fraud (count two), bankruptcy fraud
(counts three and four), and fraudulent use of a credit card
(count five).  A warrant for Cooper's arrest issued the same
day.  Officials arrested her on March 10, 2011, and she was
released on bail.  On November 10, 2011, represented by counsel,
Cooper filed an application for permission to enter a plea of
guilty to bankruptcy fraud pursuant to a plea agreement.

The plea agreement provided that, if Cooper entered a
guilty plea to count four (bankruptcy fraud), was sentenced on
the charge and otherwise fully complied with the agreement, the
United States Attorney for the District of New Jersey would not
initiate further criminal charges relating to her scheme to
defraud creditors and fraudulent use of Social Security numbers
and would move to dismiss the remaining four counts in the
indictment.  The plea agreement further provided that the
bankruptcy fraud charge carried a statutory maximum prison
sentence of five years and a statutory maximum fine, and that
the sentence to be imposed was within the discretion of the

2

sentencing judge, subject to the Sentencing Reform Act and consideration of the United States Sentencing Guidelines. Finally, Ms. Cooper stipulated that, if the sentence fell within or below the Sentencing Guidelines range resulting from a total offense level of 15, she voluntarily waived the right to file an appeal or a motion under § 2255 challenging the sentence. However, Cooper reserved the right to move for a sentencing reduction pursuant to the factors outlined in 18 U.S.C. § 3553(a)(1) and (2), and both parties reserved any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.

Sentencing occurred before this Court on December 18, 2013. This Court initially accepted the total offense level of 17 a criminal history category of IV recommended in the Final Presentence Investigation Report, which carried a guideline range for imprisonment of 37 to 46 months. Ultimately, the Court agreed to the parties request and imposed a sentence based on an offense level of 15 and a criminal history category of IV. This Court, accordingly, imposed a 30-month term of imprisonment (putting the sentence at the low end of the Guideline range for offense level of 15 and criminal history category of IV) and a three-year term of supervised release. No appeal was filed by either party.

On June 25, 2014, while Cooper was incarcerated at FMC Carswell in Fort Worth, Texas, she signed and placed in the prison mail system a petition for habeas corpus pursuant to 28 U.S.C. § 2241 addressed to the United States District Court for the Northern District of Texas.  By Order filed July 31, 2014, Judge John McBryde notified her pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), that unless she withdrew her petition, the court would recharacterize it as a motion under 28 U.S.C. § 2255 and she would be subject to the restrictions on second or successive § 2255 motions.  By Order filed August 18, 2014, Judge McBryde construed Cooper's § 2241 petition as a motion to vacate, pursuant to 28 U.S.C. § 2255, the sentence imposed by this Court and transferred the matter to this Court.

By Order filed August 21, 2014, this Court notified Cooper of her right, pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), to amend the § 2255 motion to include all available claims.  In response, on August 21, 2014, Cooper filed an Amended § 2255 Motion presently before the Court which raises the following grounds:

> Ground One:  RECALCULATION OF CRIMINAL HISTORY POINTS. I WAS NOT GIVEN THE PROPER CALCULATION WHEN DETERMINING OFFENSE LEVELS.

> Supporting Facts:  Section 4A1.2 provides that convictions 10 to 15 years old are not to be counted when calculating a defendant's criminal history score.

4

I feel that my calculation of my criminal history is incorrect.

Ground Two:  EXTRAORDINARY CIRCUMSTANCES – COUNSEL WAS INEFFECTIVE.  HE WAS PAID BUT DID NOT REPRESENT ME.

Supporting Facts:  No proper counsel.  Met with my attorney only twice prior to sentencing.  No motion filed for 5K2.13.  No mental health downward departure.  No plea bargain options.  I met my attorney three times, one time for consultation, second to pay him $5,000.00 and third time at sentencing.  My medical history contains over a hundred pages which was not presented to the Court.

Ground Three:  I AM REQUESTING A ONE LEVEL REDUCTION FOR MENTAL ILLNESS – DIMINISHED CAPACITY.

Supporting Facts:  My medical review/mental health evaluation was done after my sentencing.  My medical review was done March 2014.  I was sentenced December 11, 2013.  Mental health diagnosis:  schizophrenia.

(Amended Petition, ECF No. 12 at 6-7.)

On August 8, 2015, the Government filed an Answer, arguing that the motion should be denied on the merits.[1] (Answer, ECF No. 18.)  Cooper filed a Reply on August 13, 2015. (ECF No. 19.)  On February 10, 2016, she was released from federal custody to

---

[1] The Court notes that in her plea agreement Cooper stipulated that, if the sentence fell within or below the Guidelines range resulting from a total offense level of 15, which is what happened in this case, she voluntarily waived the right to file an appeal or a motion under § 2255 challenging the sentence. However, because the Government expressly declines to seek to enforce this waiver, (ECF No. 18 at 10 n.4), the Court will not do so *sua sponte* and will consider the merits of the grounds raised in the § 2255 motion.

serve her three-year term of supervised release.  *See* Inmate

Locator, https://www.bop.gov/inmateloc/ (March 18, 2015).

## II.  DISCUSSION

A.   Jurisdiction

Section 2255 of Title 28 of the United States Code

provides:  "A prisoner in custody under sentence of a court

established by Act of Congress claiming the right to be released

upon the ground that the sentence was imposed in violation of

the Constitution or laws of the United States, or that the court

was without jurisdiction to impose such sentence, or that the

sentence was in excess of the maximum authorized by law, or is

otherwise subject to collateral attack."  28 U.S.C. § 2255(a).

Because Cooper was incarcerated on her 30-month sentence when

she filed the § 2255 motion in 2014, she satisfied the "in

custody" jurisdictional requirement of § 2255.  *See Maleng v.

Cook*, 490 U.S. 488, 490-91 (1989) ("We have interpreted the

statutory language as requiring that the habeas petitioner be

'in custody' under the conviction or sentence under attack at

the time his petition is filed.")

Although Cooper was released from custody on February 10,

2016, her § 2255 motion is not moot because she is presently

serving her three-year term of supervised release.  *See United

States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015) ("Because the

6

District court may reduce the duration of Doe's supervised

release if he prevails [on his § 2255 motion], the case is not

moot.")

B.    Ground One:   Incorrect Criminal History Category

In Ground One, Cooper argues that this Court incorrectly

calculated her criminal history category as IV by counting

crimes over ten years old.  As explained above, Probation

recommended and this Court found a criminal history category of

IV.  The Government correctly argues that Cooper's criminal

history category was properly calculated at IV because the Court

properly included sentences imposed within 10 years of the

commencement of the instant offense on May 16, 1997.  (ECF No.

18 at 12.)

United States Sentencing Guideline § 4A1.2, entitled

"Definitions and Instructions for Computing Criminal History,"

provides in section (e), entitled "Applicable Time Period," as

follows:

> **(1)** Any prior sentence of imprisonment exceeding one
> year and one month that was imposed within fifteen
> years of the defendant's commencement of the instant
> offense is counted. Also count any prior sentence of
> imprisonment exceeding one year and one month,
> whenever imposed, that resulted in the defendant being
> incarcerated during any part of such fifteen-year
> period.

7

**(2)** Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

**(3)** Any prior sentence not within the time periods specified above is not counted.

**(4)** The applicable time period for certain sentences resulting from offenses committed prior to age eighteen is governed by § 4A1.2(d)(2).

U.S. Sentencing Guidelines Manual § 4A1.2.

Comment 8 to U.S. Sentencing Guidelines Manual § 4A1.2 provides that, as used in § 4A1.2(d)(2) and (e), "the term 'commencement of the instant offense' includes any relevant conduct." U.S. Sentencing Guidelines Manual § 4A1.2(e)(2) cmt.n.8. Cooper's plea agreement states that "Tomica Cooper specifically agrees that for the purposes of sentencing, the other offenses in the Indictment will be treated as relevant conduct pursuant to U.S.S.G. § 1B1.3."[2] *United States v. Cooper*, Crim. No. 11-0111 (NLH) plea agreement (ECF No. 23) (D.N.J. Nov. 10, 2011). Count four of the indictment states that Cooper filed her first fraudulent bankruptcy petition on May 16, 1997. *See United States v. Cooper*, Crim. No. 11-0111 (NLH) indictment (ECF No. 1 at 9) (D.N.J. Feb. 23, 2011). As set forth above,

---

[2] Section 1B1.3 of the Sentencing Guidelines is entitled "Relevant Conduct (Factors that Determine the Guideline Range)." U.S. Sentencing Guidelines Manual § 1B1.3.

8

U.S. Sentencing Guideline § 4A1.2(e)(2) provides that any prior sentence which did not include a sentence of imprisonment "that was imposed within ten years of the defendant's commencement of the instant offense is counted" to calculate the criminal history category.  U.S. Sentencing Guideline Manual § 4A1.2(e)(2).

According to the Presentence Investigation Report, Cooper was sentenced in the Superior Court of New Jersey on August 7, 1992, for fraudulent use of a credit card; on October 18, 1996, for Conspiracy; on March 28, 2002, for theft by deception; on September 10, 2002, for hindering apprehension; on July 11, 2005, and March 30, 2007, for issuing bad checks; and on April 28, 2011, for insurance fraud.  Because these sentences were imposed within ten years of May 16, 1997, this Court properly counted them in computing Cooper's criminal history category. In addition, at the time the offense in count four was committed, Cooper was on probation and this added two points, *see* U.S. Sentencing Guidelines Manual § 4A1.1(d), such that the total of the criminal history points was 9, which established a criminal history category of IV.  Because this Court did not count as criminal history any sentence imposed more than ten years prior to the commencement of the instant offense on May 16, 1997, Cooper is not entitled to relief on Ground One.

9

C.     Ground Two:  Counsel Was Ineffective at Sentencing

     In Ground Two, Cooper asserts that defense counsel was
constitutionally deficient for failing to meet with her more
than two times prior to sentencing, failing to file a motion for
a downward departure based on her mental health pursuant to U.S.
Sentencing Guideline § 5K2.13, and failing to present her
medical records to this Court.  The Government argues that
Cooper has not established an ineffective assistance claim
because she failed to show deficient performance or prejudice.

     The Sixth Amendment guarantees the accused the "right . . .
to have the Assistance of Counsel for his defense."  U.S. Const.
amend. VI.  A claim that counsel's assistance was so defective
as to require reversal of a conviction has two components, both
of which must be satisfied.  *See Strickland v. Washington*, 466
U.S. 668, 687 (1984).  First, the defendant must "identify the
acts or omissions of counsel that are alleged not to have been
the result of reasonable professional judgment." *Id*. at 690.
The court must then determine whether, in light of all the
circumstances at the time, the identified errors fell "below an
objective standard of reasonableness[.]" *Hinton v. Alabama*, 134
S.Ct. 1081, 1083 (2014) (*per curiam*).  To establish prejudice,
the defendant must show that "there is a reasonable probability

10

that the result of the trial would have been different absent

the deficient act or omission." *Id*. at 1083.

Cooper asserts that counsel was deficient because she paid

him $5,000 and he met with her only two times prior to

sentencing.  She is not entitled to relief on this claim because

she does not assert that, but for counsel's failure to meet with

her more than three times, there is a reasonable probability

that she would not have pleaded guilty and would have insisted

on going to trial, *see Hill v. Lockhart*, 474 U.S. 52, 59 (1985),

or that her sentence would have been lower than the 30 months

this Court imposed.

Next, Cooper asserts that counsel was deficient in failing

to move for a downward departure pursuant to U.S. Sentencing

Guideline § 5K2.13[3] based on her mental health and diagnosis of

---

[3] U.S. Sentencing Guideline § 5K2.13 authorizes a court to grant
a downward departure if the defendant committed the offense
while suffering from a significantly reduced mental capacity and
that reduced capacity contributed substantially to the
commission of the offense.  *See* U.S. Sentencing Guideline Manual
§ 5K2.13.  However, the Court may not grant a diminished
capacity departure under this section if the reduced mental
capacity was caused by the voluntary use of drugs or
intoxicants, *id.,* and Cooper's Presentence Investigation Report
states that Cooper had consumed significant amounts of alcohol
since her late 20's, she last consumed alcohol and used cocaine
on July 4, 2010, and at the time of the preparation of the
report she was attending 12 step meetings approximately three
times per week, as required by PTS and drug court.

schizophrenia and failing to present her health records.

However, Cooper's attorney did move for a downward departure

based on her physical condition, together with her mental

illness, pursuant to U.S. Sentencing Guideline § 5H1.4.[4]  He also

presented health records to this Court.[5]  Counsel filed a 12-page

sentencing memorandum in which he sought a downward departure

or, in the alternative, a sentencing variance based on her

physical and mental health, referring to the Presentence

Investigation Report and Cooper's mental and physical health

records which were attached to the memorandum.  The Presentence

Investigation Report included a two and one-half page single-

spaced section describing Cooper's mental and emotional health

history and a section on her physical health and condition.  For

example, the Presentence Investigation Report states that Ms.

Cooper began hearing voices while she was in high school, the

voices got progressively worse after her daughter was born, she

---

[4] Section 5H1.4 states that physical condition may be relevant in
determining whether a departure is warranted, if the condition,
individually or in combination with other offender
characteristics, is present to an unusual degree.  *See* U.S.
Sentencing Guidelines Manual §5H1.4.

[5] The health records included treatment records from Drenk
Behavioral Health Center, as well as Penn Medicine records, a
Burlington County Drug Court Probation Officer's Report dated
February 8, 2012, and the Pretrial Services Memorandum dated
October 12, 2012.

sought mental health treatment in part because she heard voices,

she was taken to the emergency room in March 2000 because she

had been hearing voices, she cut her wrists at age 22 because

the voices told her to do so, she was diagnosed by Drenk

Behavioral Health Center in 2010 as suffering from

schizoaffective disorder, and she was undergoing treatment for

this condition at the time of the preparation of the Presentence

Investigation Report.  The report also states that Cooper had

six abdominal hernia repair surgeries and abdominoplasty

surgery, and that she has a large ovarian cyst and needs gastric

bypass surgery for obesity.

Cooper's attorney sought a downward departure based on

Cooper's mental and physical health and he presented her health

records to this Court.  Counsel cannot be found deficient

because he did not specifically ground the request for a

downward departure on § 5K2.13 where there was no dispute that

Cooper had consumed large amounts of alcohol while she was

committing bankruptcy fraud. *See Ross v. District Attorney of

the County of Allegheny,* 672 F.3d 198, 211 n.9 (3d Cir. 2012)

("[C]ounsel cannot be deemed ineffective for failing to raise a

meritless claim.")(quoting *Werts v. Vaughn,* 228 F.3d 178, 202

(3d Cir. 2000)).  In addition, Cooper has not shown that she was

prejudiced, as she has not shown that there is a reasonable

13

probability that this Court would have imposed a lower term of imprisonment if counsel had specifically referred to § 5K2.13, instead of § 5H1.4 when seeking a downward departure.

D.    Ground Three:  Request for Downward Departure Based on Diagnosis of Schizophrenia

In Ground Three, Cooper is "requesting a one level reduction for mental illness – diminished capacity" based on her diagnosis of schizophrenia that was made three months after this Court sentenced her.  (ECF No. 12 at 7.)

This Court must deny her request to reduce her sentence based on her diagnosis of schizophrenia made three months after sentencing.  Section 2255 authorizes a federal prisoner to claim that the sentence was imposed in violation of federal law, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack, *see* 28 U.S.C. § 2255, but in this ground Cooper is not challenging the sentence imposed.  Rather, she seeks an order modifying a previously imposed sentence.  However, "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to a statutory authorization." *United States v. Smartt*, 129 F. 3d 539, 540 (10th Cir. 1997) (quoting *United States v. Mendoza*, 118 F. 3d 707, 709 (10th Cir. 1997)).

14

The Sentencing Reform Act specifies that a court may not modify

a term of imprisonment once it has been imposed, except pursuant

to a motion for reduction of sentence under 18 U.S.C. § 3582(c)[6].

--------------------------------

[6] Section 3582(c) provides:

> **(c) Modification of an imposed term of imprisonment.**--
> The court may not modify a term of imprisonment once
> it has been imposed except that--**(1)** in any case--
>
> **(A)** the court, upon motion of the Director of the
> Bureau of Prisons, may reduce the term of imprisonment
> . . . after considering the factors set forth in
> section 3553(a) to the extent that they are
> applicable, if it finds that--
>
> **(i)** extraordinary and compelling reasons warrant such
> a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has
> served at least 30 years in prison . . . ; and
>
> **(B)** the court may modify an imposed term of
> imprisonment to the extent otherwise expressly
> permitted by statute or by Rule 35 of the Federal
> Rules of Criminal Procedure; and
>
> **(2)** in the case of a defendant who has been sentenced
> to a term of imprisonment based on a sentencing range
> that has subsequently been lowered by the Sentencing
> Commission pursuant to 28 U.S.C. 994(o), upon motion
> of the defendant or the Director of the Bureau of
> Prisons, or on its own motion, the court may reduce
> the term of imprisonment, after considering the
> factors set forth in section 3553(a) to the extent
> that they are applicable, if such a reduction is
> consistent with applicable policy statements issued by
> the Sentencing Commission.

18 U.S.C. § 3582.

*See United States v. Higgs*, 504 F. 3d 456, 464 (3d Cir. 2007)

(18 U.S.C. § 3582(c) limits the jurisdictional authority of

sentencing courts to entertain a motion for reduction of

sentence).  Cooper's request to modify the sentence imposed is

denied for lack of jurisdiction under 28 U.S.C. § 2255.[7]

E.   Certificate of Appealability

Because Cooper has not made a substantial showing of the

denial of a constitutional right, no certificate of

appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B).

*See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### III.   CONCLUSION

This Court denies the amended § 2255 motion and denies a

certificate of appealability.


                                    /s/Noel L. Hillman
                              **NOEL L. HILLMAN, U.S.D.J.**

DATED:  March 28, 2016

At Camden, New Jersey

---

[7] This Court will not construe ground three as a motion to modify
the sentence because Cooper has not established any basis for
relief under 18 U.S.C. § 3582(c).  *See United States v. Smartt*,
129 F. 3d at 541 ("Unless the basis for resentencing falls
within one of the specific categories authorized by section
3582(c), the [sentencing] court lacked jurisdiction to consider
Mr. Smartt's request").